**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Milena Arateco Munoz, | No. CV-25-02951-PHX-MTL |
| Petitioner, | **ORDER** |
| v. | |
| Pamela Bondi, et al., | |
| Respondents. | |

Before the Court is the Report and Recommendation of Magistrate Judge Eileen S. Willett ("R & R") recommending that this Court deny the Petition for Habeas Corpus under 28 U.S.C. § 2241. Petitioner filed timely objections.[1]

In reviewing an R & R, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's finding and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). The Court has no obligation to review portions of the magistrate judge's recommendations to which no party objects. *See* Fed. R. Civ. P. 72(b)(3).

1. Petitioner objects to the R & R because she did not receive a copy of the response brief and the R & R and her reply were docketed almost simultaneously. The

---
[1] The Court observes that Petitioner filed her objections on the docket twice. (*See* Doc. 16 and 17.) By all appearances, both filings appear to be the same and the Court concludes that Petitioner's counsel filed twice by mistake.

objections also advance that arguments made in the reply should be considered, rather than waived, because Petitioner filed her petition without counsel and she is now represented by counsel. The Court finds this objection moot because it will consider all these arguments in its *de novo* review of the R & R.

2.    Petitioner next objects to the Magistrate Judge's recommendation that Petitioner is not entitled to a bond hearing. The R & R found that the authority for Petitioner's detention is in 8 U.S.C. § 1225(b)(1)(B)(ii),[2] requiring mandatory detention of an alien seeking asylum "for further consideration of the application for asylum." Petitioner cites no controlling authority abrogating the mandatory nature of detention applicable to her circumstances. And the objections do not dispute the Magistrate Judge's finding that Petitioner's appeal to the Board of Immigration Appeals is still in process. As for due process, the R & R correctly observes that, under the Supreme Court's decision in *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Id*. at 140.

3.    Finally, Petitioner objects to the length of her detention as "unreasonably prolonged." She urges this Court to adopt the six-factor test employed by the District of Minnesota in *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858-59 (D. Minn. 2019), to determine the reasonableness of her detention. The Court declines to do so. *See Veasna Oth, Petitioner, v. Christopher Chestnut, in his official capacity, Facility Adm'r of California City Det. Facility, et al., Respondents.*, No. 1:25-cv-01367 KES-HBK (HC), 2026 WL 323053, at *5 (E.D. Cal. Feb. 6, 2026) (declining to adopt a "multi-part, judge made reasonableness balancing test" to determine whether a petitioner's detention was prolonged as "unnecessary under the circumstances" given "relevant Supreme Court precedents" (citation modified)).

. . . .

---

[2] After the asylum officer determines that an alien seeking asylum presents a credible fear of prosecution, "the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii).